UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC# _____
DATE FILED: 3/1/18

---

GREGORIO CARDOZO,

                   Plaintiff,

-against-

GEORGE KRAFF, VADIM KRAFF,
HARRY ASHKENAZI, ANDREW SUHL,
MARIA DELGADO, and J&H EATERIES
LLC,

                   Defendants.

**ORDER**

15 Civ. 5811 (ER)

---

Ramos, D.J.:

    Gregorio Cardozo brought the above-captioned action against George Kraff, Vadim Kraff, Harry Ashkenazi, Andrew Suhl, Maria Delgado, and J&H Eateries LLC, seeking damages for unpaid minimum wage and unpaid gratuities under the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL"), as well as ancillary claims for violations of the record keeping provisions of the NYLL. Doc. 1. Plaintiff voluntarily dismissed his claims against Vadim Kraff on January 31, 2017. Doc. 34. A certificate of default was entered against J&H Eateries LLC, Suhl, and Ashkenazi (the "Defaulting Parties") on October 27, 2015, Doc. 14. However, Plaintiff now contends that it does not appear that the Defaulting Parties were ever employers within the purview of the FLSA and NYLL, and intends to voluntarily dismiss his claims against them. Doc. 40. Pending before the Court is an application for approval of a settlement agreement between Plaintiff and George Kraff and Delgado (the "Settlement Agreement"). *Id.*

    In this Circuit, parties cannot privately settle FLSA claims with prejudice absent the approval of the district court or the Department of Labor. *See Cheeks v. Freeport Pancake*

*House, Inc.*, 796 F.3d 199, 200 (2d Cir. 2015). The parties therefore must satisfy the Court that their agreement is "fair and reasonable." *Beckert v. Ronirubinov*, No. 15 Civ. 1951 (PAE), 2015 WL 8773460, at *1 (S.D.N.Y. Dec. 14, 2015). "In determining whether the proposed settlement is fair and reasonable, a court should consider the totality of circumstances, including but not limited to the following factors: (1) the plaintiff's range of possible recovery; (2) the extent to which the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses; (3) the seriousness of the litigation risks faced by the parties; (4) whether the settlement agreement is the product of arm's-length bargaining between experienced counsel; and (5) the possibility of fraud or collusion." *Felix v. Breakroom Burgers & Tacos*, No. 15 Civ. 3531 (PAE), 2016 WL 3791149, at *2 (S.D.N.Y. Mar. 8, 2016) (quoting *Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012)).

The Agreement provides for a total settlement of $35,000, of which Plaintiff's counsel will receive $11,666.67, or one-third, in attorneys' fees, and $1,873.35 in out-of-pocket costs. Settlement Agreement § 2.1. The Court is satisfied that the parties have adequately justified the dollar amount constituting the settlement, despite that amount being significantly lower than the full value of Plaintiff's case had all issues of law and fact been resolved in his favor. According to the parties, Plaintiff's claimed damages are $179,240.00. Doc. 40 at 2. However, Plaintiff faced significant difficulties in establishing his claims.[1] *Id.* at 2–3. Moreover, the parties assert

---

[1] The parties contend that Defendants had a strong possibility of defeating Plaintiff's minimum wage claim because various witnesses would have testified that he spent nearly all of his time performing work that was subject to tips and it is undisputed that he was paid the lawful New York State tipped minimum wage. Doc. 40 at 2–3. The parties also assert that Plaintiff faced significant obstacles in proving his unpaid gratuity claim, which is based on Plaintiff's contention that "delivery charges" automatically charged to customers were gratuities to which he was entitled. *Id.* at 3. According to the parties, whether a "delivery charge" is a gratuity that must be given to the employee or a charge the employer may retain depends largely on the expectation of a reasonable customer. *Id.* Here, the parties contend, Plaintiff would have had a difficult time establishing that the charges were gratuities because each customer's bill had a separate space for tips immediately beneath the automatic delivery charge, and thus a reasonable customer would not have expected the delivery charge to constitute a tip. *Id.*

that even if Plaintiff were to prevail at trial, he would face serious challenges in actually collecting from Defendants. According to the parties, George Kraff is going through divorce proceedings and other financial difficulties, and if this action had proceeded to trial, he would have been forced to expend significant resources on his legal defense, greatly increasing his chances of having to declare personal bankruptcy. *Id.* at 4. The parties also represent that Delgado is completely judgment proof. *Id.* In light of these challenges, the parties contend, Plaintiff determined that accepting a $35,000 settlement amount is preferable to further litigation and facing the risk of not being able to collect. *Id.* The Court finds that this explanation is reasonable.

Additionally, the parties engaged in extensive arms-length settlement discussions, including a settlement conference with the Magistrate Judge. *Id.*

Regarding the reasonableness of attorneys' fees requested, the Court looks to "the lodestar—the product of a reasonable hourly rate and the reasonable number of hours required by the case–which creates a presumptively reasonable fee." *Zhang v. Lin Kumo Japanese Rest., Inc.*, No. 13 Civ. 6667 (PAE), 2015 WL 5122530, at *2 (S.D.N.Y. Aug. 31, 2015) (quoting *Stanczyk v. City of New York*, 752 F.3d 273, 284 (2d Cir. 2014)). Under the proposed Settlement Agreement, Plaintiff's attorneys will retain $13,540.02 in attorneys' fees and costs. Settlement Agreement § 2.1. In line with the requirements for FLSA settlement approval in this Circuit, Plaintiff's counsel has submitted billing records detailing the type of work performed so that the Court may calculate reasonable fees under the "lodestar" method. *See Garcia v. Jambox, Inc.*, No. 14 Civ. 3504 (MHD), 2015 WL 2359502, at *6 (S.D.N.Y. Apr. 27, 2015) ("In this circuit, a proper fee request entails submitting contemporaneous billing records documenting, for each attorney, the date, the hours expended, and the nature of the work done. That requirement

extends to parties seeking approval of a settlement that allocates a portion of the proceeds to the attorney."); *see also Beckert*, 2015 WL 8773460, at *2 (evaluating the reasonableness of plaintiff's request for fees of one third of the settlement amount by reviewing the reasonable hours worked multiplied by reasonable hourly rates, *i.e.* the lodestar method).

Here, Plaintiffs submitted billing records detailing $26,342.50 for work incurred in the prosecution of this case over a period of almost two years. *See* Doc. 40. This work included drafting and responding to discovery requests, preparing for and attending court conferences, preparing for and attending depositions, performing legal research, preparing damage calculations, plus the various costs related to filing the lawsuit. *See id.* Based on the work performed, the Court finds that the requested attorneys' fees and costs of $13,540.02 are objectively reasonable.

In terms of the non-monetary provisions, the Court finds all of them to be fair and reasonable.

The Agreement, attached as Exhibit 1 to Doc. 40, is SO ORDERED. The Complaint, Doc. 1, is dismissed with prejudice. The Clerk of the Court is respectfully directed to close the case.

It is SO ORDERED.
Dated: February 28, 2018
New York, New York

_____
Edgardo Ramos, U.S.D.J.